IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

COLONIAL WEBB CONTRACTORS CO.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 2:07cv394

TRAVIS J. KNAPP,

ERICA N. POOLER,

GEICO INDEMNITY CO.,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

and

FARMERS INSURANCE EXCHANGE,

    Defendants.

## ORDER AND OPINION

Pending before the court is defendant Travis J. Knapp's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** Knapp's motion to dismiss.

I. Factual Background

This case arises out of a traffic accident between Knapp and defendant Erica N. Pooler, which occurred on January 6, 2007. Knapp filed a lawsuit against Pooler in the Circuit Court for the City of Virginia Beach, claiming that Pooler had negligently caused the accident, resulting in

certain injuries to Knapp. At the time of the accident, and all times relevant to the instant case, Knapp was an employee of the plaintiff, ColonialWebb Contractors Company, and was the beneficiary of a health insurance plan sponsored by the plaintiff. Under the plan, the plaintiff self-insures for its employees' health benefits up to $90,000 per year. Beyond that amount, employee health benefits are paid by Healthkeepers, Inc., which apparently is a separate entity. In connection with the injuries sustained by Knapp in the accident, the plaintiff paid health insurance benefits under the plan in the amount totaling $52,179.50.

In the underlying state-court action, Knapp seeks damages from Pooler in the amount of $2,000,000, claiming that her negligence caused the accident and resulted in his injuries. According to the complaint, it is believed that defendants GEICO, State Farm, and Farmers' issued insurance contracts which provide uninsured or underinsured motorist insurance coverage that is implicated by the underlying action. Additionally, the plaintiff claims that the underlying action remains pending, with a trial scheduled to commence on February 26, 2008.

II. Procedural History

The plaintiff filed the instant suit against Knapp and the other defendants on August 27, 2007. The complaint seeks a declaratory judgment that the plaintiff is entitled to an equitable lien against the amount that Knapp might recover in the underlying action, up to the amount of benefits paid out by the plaintiff to Knapp under its health insurance plan. The amount of the lien would be capped at $90,000, which is the amount of health benefits above which the plaintiff is no longer self-insured, but which instead is provided by Healthkeepers. According to the complaint, Knapp has refused to honor the lien that the plaintiff claims to have, and the remaining defendants have not acknowledged the validity of the lien. Accordingly, the plaintiff

2

seeks a declaration that, should Knapp recover damages in the underlying state court proceeding, it is entitled to a lien against those damages in order to reimburse it for the claims it paid out to Knapp for his medical expenses.

The plaintiff claims that the health plan it sponsors for its employees is a "qualified employee welfare retirement plan," and, accordingly, is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"). Therefore, the plaintiff avails itself of the jurisdiction of this court on the basis of a question of federal law. On September 27, 2007, Knapp filed the instant motion to dismiss along with a memorandum in support thereof, arguing that the claim against him should be dismissed because the plaintiff failed to identify itself as a fiduciary with standing to bring the instant action under ERISA. Knapp also claims that the plaintiff has failed to allege the existence of a subrogation or reimbursement provision in the health plan, and has failed to attach a copy of the plan to the complaint. Finally, Knapp claims that dismissal is proper because the complaint does not allege the elements required for the imposition of an equitable lien.

The plaintiff filed a response brief, opposing the motion to dismiss, on October 9, 2007, and Knapp filed a reply brief on October 11, 2007. The matter is now ripe for the court's consideration.

III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would

be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

IV. Discussion

A. Absence of a Subrogation Provision

Knapp's chief contention, and the controversy to which the parties devote the bulk of their briefs, is the plaintiff's failure to allege that the health plan it sponsored for its employees contains a provision requiring subrogation to the claims of its employees.[1] While the plaintiff acknowledges that the complaint does not make such an allegation, it argues that this is simply

---

[1] While it appears that the plan contains no such provision, the issue at hand is whether the plaintiff needed to allege the existence of such a provision in the complaint in order to state a legally valid claim for an equitable lien.

4

because a subrogation provision is not required in order for it to obtain the relief it seeks. Knapp acknowledges that an equitable lien may be obtained in certain circumstances, but argues that the Fourth Circuit has specifically defined those circumstances to require that the health plan at issue include a provision that provides that the insurer will be subrogated to the right of the insured to recover against a third party. Knapp argues that, because the plaintiff has not alleged the existence of such a subrogation provision, and has failed to attach a copy of the health plan contract to its complaint, it cannot continue with its claim for a declaratory judgment that it has an equitable lien.

In Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990), the Fourth Circuit addressed the case where the administrator of an employee benefit plan attempted to recover a sum of money it had advanced to an insured in order to cover medical expenses resulting from a car accident. The insured had later recovered damages from a third party in excess of what the plan had paid out to her, but refused to reimburse the plan. Id. at 986-87. The plan's administrator brought suit under ERISA, 29 U.S.C. § 1132(a)(1)(B), (e)(2). The district court found that Virginia's anti-subrogation statute, Va. Code Ann. § 38.2-3405, was preempted by ERISA. However, the district court determined that the administrator had failed to comply with the requirements of the insurance contract, and therefore it was barred from recovering the expenses it had advanced.[2] Id. at 987.

---

[2]The insurance plan did not cover medical expenses that resulted from a third party's act or omission, but did provide that payment for such expenses could be advanced to an insured. However, the plan mandated that the insured sign an agreement to repay the plan in full from any judgment he received. Waller, 906 F.2d at 986. Nonetheless, the administrator failed to obtain such a signed agreement from the insured when it advanced her medical expenses. The district court found this noncompliance a bar to recovery for the plan. Id. at 987.

On appeal, the Fourth Circuit noted that the language of the plan contract made plain that the parties intended to provide for the repayment of monies advanced by the plan.[3] Accordingly, the court held that, although the plan administrator had failed to comply with the plan's requirement, approving the district court's decision would result in unjust enrichment to the insured. Id. at 993. Thus, the court "conclude[d] that fashioning a federal common law rule of unjust enrichment is appropriate in the circumstances of this case." Id. Knapp repeatedly cites Waller in support of his contention that, in the absence of contractual language demonstrating that the parties intended for the plaintiff to be reimbursed from any potential recovery, to impose an equitable lien would be improper. The plaintiff, meanwhile, argues that Waller supports its theory of recovery on unjust enrichment terms.

More recently, in Provident Life & Accident Ins. Co. v. Cohen, 423 F.3d 413 (4th Cir. 2005), the court reevaluated its holding in Waller in light of fifteen years of intervening law, noting that "the justification for the court's recognition of a federal common law unjust enrichment claim in Waller is in serious doubt, as it is no longer debatable that Provident has an 'explicit remedy' under § 1132(a)(3)." Id. at 423. In Waller, the court was presented with a situation in which the plan administrator had filed suit under a section of ERISA that did not explicitly give it a cause of action. However, the Waller court had noted that "[i]t is probable . . . [the administrator] could have sued under § 1132(a)(3)," as a "fiduciary." Waller, 906 F.2d at 988 n.5. In Cohen, the court noted that "it is now evident that Provident, as the benefit plan

---

[3]The Fourth Circuit was careful to note that Waller was not about subrogation as is typically defined, because the plan contract had no subrogation provision. Id. at 990 n.7. Noting that the administrator "does not seek to step into Waller's shoes and proceed against the third party tortfeasor," the court found that "the Virginia anti-subrogation provision is inapplicable" and declined to decide whether it was preempted by ERISA. Id.

6

administrator, is a fiduciary with the right to bring a civil action under § 1132(a)(3)." Cohen, 423 F.3d at 424 (citing Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 379 (4th Cir. 2001)). Accordingly, the court declined to recognize a federal common law unjust enrichment claim for a plan administrator, especially where a fiduciary was already authorized by Section 1132(a)(3) to bring a civil action to enforce ERISA.[4] Id. at 424-26. Noting that it could not "ignore ERISA's proscription of the type of relief sought by Provident and permit a federal common law remedy for unjust enrichment," the court held that it could not "afford Provident the right to do that which it cannot do under ERISA." Id. at 426.

What the plaintiff in the instant case seeks is to have this court declare that federal common law permits the plaintiff to recover for monies paid out to Knapp, even though it had no right of recovery under ERISA's statutory scheme, and even though the plan contract is silent as to the issue of reimbursement or subrogation. The plaintiff cites a decision from the United States Bankruptcy Court for the Eastern District of Virginia, which was then affirmed both by this court and by the Court of Appeals for the Fourth Circuit, to support its argument. See In re Carpenter, 245 B.R. 39 (Bankr. E.D. Va. 2000), aff'd, 252 B.R. 905 (E.D. Va. 2000), aff'd, 36 Fed. Appx. 80 (4th Cir. 2002) (unpublished). However, that decision is distinguishable on its facts.

In Carpenter, the bankruptcy court was presented with the claim of the debtor's employer to a lien on certain proceeds from a settlement that the debtor had received from a third party tortfeasor. The parties agreed that the employer's self-funded health plan was an ERISA-

---

[4]The Fourth Circuit did note that "Provident's claim for unjust enrichment is arguably unauthorized under § 1132(a)(3)" because it would not be seeking "equitable relief," but rather "a legal remedy in the form of a money judgment against Cohen." Id. at 425.

7

qualified plan. Id. at 42. The parties also stipulated that:

> The Plan pays health benefits to a plan participant in instances in which a third party's acts injure the participant. By its terms, if the Plan pays benefits on behalf of a participant due to such an injury, the Plan retains the right of subrogation to the participant's claims against such third-party, and the right to reimbursement for the participant's recoveries from such third-party.

Id.

The parties disputed whether ERISA preempted the application of the Virginia anti-subrogation statute, and the bankruptcy court noted that "Virginia's anti-subrogation law makes references [sic] to the types of plans governed by ERISA as it prohibits the enforcement of subrogation and reimbursement provisions in subscription contracts and health services plan." Id. at 44. Accordingly, the court held that the Virginia statute "'relates to' an employee benefit plan pursuant to 29 U.S.C. § 1144(a) and is therefore preempted by ERISA." Id. at 45. Because of this conclusion, the court proceeded to evaluate whether it should apply federal common law to a situation on which ERISA is silent, to wit: whether to impose an equitable lien on the monies recovered by the debtor from a third-party tortfeasor. The court noted that "imposing an equitable lien in this case would not override the agreement between the parties" because "the parties agreed by the written terms of the Plan that [the employer] would have the right to reimbursement and subrogation of any proceeds that [the debtor] recovered from a third-party tortfeasor." Id. at 47.

The court then indicated that it "principally relie[d] . . . on the fact that the Plan demonstrates the parties' intent to have particular property charged with a particular obligation, thus giving rise to an equitable lien." Id. at 49. The plaintiff notes that the bankruptcy court also indicated that its decision was supported on unjust enrichment grounds as well. Id. However,

8

the court noted that its finding of unjust enrichment was based, in large part, on the fact that the language of the health plan "evidenced an intent to obligate the insured party to repay proceeds paid by the insurer on the insured's behalf." Id. (citing Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990) and Collins v. Blue Cross, 213 Va. 540 (1973)).

Indeed, the bankruptcy court made plain that its finding of unjust enrichment was based on the fact that the debtor had agreed in the plan contract to reimburse the plan for payments she received from a third-party tortfeasor, and therefore that she was not entitled to double recovery:

> While it is clear, in the present case, that [the debtor] has not to the least extent been made whole for her injuries, allowing her to retain the settlement proceeds she has received while, at the same time, allowing her to not repay [her employer] as she has contracted would, in essence, allow her a double recovery. Both Provident and Collins state that such a double recovery is generally inequitable, regardless of whether the insured has been made completely whole via settlement. The holdings in both these cases therefore support the recognition of an equitable lien in the present case on unjust enrichment grounds as well.

Id. (emphasis added and citations omitted).

In the instant case, the complaint fails to allege that the plan contract entered into between the plaintiff and Knapp included any such subrogation or reimbursement provision. Further, the plaintiff has not submitted a copy of the plan contract from which such requirement might be adduced. Indeed, it appears that no such requirement exists in the plan contract. Accordingly, the instant case is readily distinguished from Carpenter, which rested on the existence of contractual language that indicated the parties' agreement that the plan would be repaid from the amount that the insured recovered from the third party.[5] There can be no dispute that the

---

[5]The plaintiff argues that the Fourth Circuit implicitly affirmed the conclusion that such a contractual provision is not necessary. To support this, the plaintiff cites the dissent, which noted that "[t]he Plan was not placed in evidence, and the bankruptcy court acknowledged that 'it cannot be ascertained from the record whether the terms of the Plan specifically call for the

9

contractual requirement of subrogation or reimbursement underpinned the court's holding in Carpenter, and that the existence of such a provision has not been pled in the instant case. Thus, the plaintiff has failed to state a claim that would entitle it to relief, and Knapp's motion to dismiss must be granted.

B. Failure to Identify as a Fiduciary

Under 29 U.S.C. § 1132, a civil action under ERISA may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Knapp argues that the plaintiff's failure to identify itself as a fiduciary makes the complaint facially deficient to state a claim under ERISA's civil enforcement provision. In response, the plaintiff claims that it need not allege that it is a fiduciary, because it is not seeking an equitable lien under the language of Section 1132, but rather under federal common law. Because the court has determined that federal common law is not applicable to the plaintiff's claim, see supra Part IV.A., the plaintiff's failure to identify itself as a fiduciary is fatal to any claim that it might have under Section 1132. Accordingly, even were the plaintiff attempting to make a claim under 29 U.S.C. § 1132(a)(3), the complaint would be facially deficient, and therefore, Knapp's motion to dismiss would be granted.

---

imposition of an equitable lien.'" In re Carpenter, 36 Fed. Appx. 80, 82 (2002) (Michael, J., dissenting) (quoting In re Carpenter, 245 B.R. 39, 47 (Bankr. E.D. Va. 2000)). It appears that the plaintiff conflates the significance of a provision requiring an equitable lien with that of a subrogation or reimbursement provision. Whereas the former was apparently not present in the plan contract in Carpenter, the latter most certainly was. See id. at 81 (noting that the parties had stipulated to the existence of a subrogation and reimbursement provision). In the instant case, neither provision has been claimed by the plaintiff to exist.

C. Failure to Allege the Elements Necessary for an Equitable Lien

The parties agree that an equitable lien may be imposed on specific property when there exists: "(1) a debt, duty or obligation between the parties; (2) specific property or res to which the debt or obligation attaches; and (3) an intent, express or implied, that the property serve as security for the payment or obligation." In re Varat Enters., Inc., 81 F.3d 1310, 1319 (4th Cir. 1996). Knapp argues in his motion to dismiss that the complaint is devoid of facts that would support the first and third requirements. The plaintiff's response, that federal common law establishes both an obligation and the implied intent that the settlement proceeds serve as security for the obligation, is necessarily premised on its interpretation of federal common law. Because this court has rejected this interpretation, see supra Part IV.A., it is clear that the plaintiff has failed to allege the elements required for a claim for an equitable lien. Accordingly, the complaint must be dismissed as to Knapp.

V. Conclusion

Because the complaint fails to allege that the health plan contract between the plaintiff and Knapp included any provision requiring that Knapp repay the plan for any payments made to him or subrogating the plan to Knapp's right to recovery against a third-party tortfeasor, it fails to state a claim for relief under either ERISA's statutory civil enforcement provisions or the expansion of those provisions in this circuit via federal common law. Accordingly, Knapp's motion to dismiss is **GRANTED** and the sole count of the complaint is **DISMISSED** as against defendant Travis J. Knapp. Because it appears that the plaintiff had included the remaining defendants in the lawsuit in an effort to enjoin them from disbursing any funds to Knapp in satisfaction of any judgment he might recover in the underlying state court action, it is clear that

the plaintiff's claim against the remaining defendants cannot stand. Therefore, the complaint is **DISMISSED** as to the remaining defendants as well.

The Clerk is **REQUESTED** to send copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

                                        /s/
                            Jerome B. Friedman
                     UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 13, 2007